United States Securities and Exhange Commission v. Alanar et al                                    Doc. 2

Case: 8:05-cv-00569-UNA    Document #: 2    Date Filed: 12/29/2005    Page 1 of 8
Case 1:05-cv-01102-JDT-TAB    Document 73    Filed 12/20/2005    Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

    v.

ALANAR, INC., et al.,

          Defendants,
and

CHURCHMEN'S INVESTMENT
CORPORATION, et al.,

          Relief Defendants.

8:05CV569

Judge John Daniel Tinder

Civil Action No. 05-cv-1102

Magistrate Judge Tim A. Baker

DECEMBER 20, 2005
ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S MOTION TO CONVERT MONITORSHIP TO RECEIVERSHIP

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Motion to Convert Monitorship to Receivership, a memorandum of law in support of that motion, and the Declaration of Bradley W. Skolnik, and:

    1)     Alanar, Inc. ("**Alanar**");

    2)     Vaughn A. Reeves, Sr. ("Vaughn Reeves"), Vaughn A. Reeves, Jr. ("Chip Reeves"), Jonathan Christopher Reeves ("Chris Reeves") and Joshua Craig Reeves ("Josh Reeves") (Vaughn Reeves, Chip Reeves, Chris Reeves and Josh Reeves collectively referred to as the "**Reeves**");

    3)     Guardian Services, LLC, First Financial Services of Sullivan County, Inc. and The Liberty Group, Inc. (collectively referred to as the "**Paying Agents**");

4) Churchmen's Income Bond Fund 1, LLC, Churchmen's Income Bond Fund 2, LLC, Churchmen's Income Bond Fund 3, LLC, Churchmen's Income Bond Fund 4, LLC, Churchmen's Income Bond Fund 6, LLC, Churchmen's Income Bond Fund 7, LLC, Churchmen's Income Bond Fund 8, LLC, Churchmen's Income Bond Fund 11, LLC, Churchmen's Income Bond Fund 13, LLC, Churchmen's Income Bond Fund 14, LLC, Churchmen's Income Bond Fund 15, LLC, Churchmen's Growth Bond Fund 1, LLC, Churchmen's Growth Bond Fund 3, LLC, Churchmen's Growth Bond Fund 4, LLC, Churchmen's Growth Bond Fund 6, LLC, Churchmen's Growth Bond Fund 7, LLC, Churchmen's Growth Bond Fund 10, LLC, Churchmen's Growth Bond Fund 11, LLC, Churchmen's Growth Bond Fund 12, LLC, Churchmen's Aggressive Income Bond Fund 1, LLC, Churchmen's Aggressive Income Bond Fund 2, LLC, Churchmen's Aggressive Income Bond Fund 3, LLC, Churchmen's Aggressive Income Bond Fund 4, LLC and Regent Capital, LLC (collectively, the **"Defendant Bond Funds"**);

5) Churchmen's Income Bond Fund 5, LLC, Churchmen's Income Bond Fund 9, LLC, Churchmen's Income Bond Fund 10, LLC, Churchmen's Income Bond Fund 12, LLC, Churchmen's Income Bond Fund 16, LLC, Churchmen's Income Bond Fund 17, LLC, Churchmen's Growth Bond Fund 2, LLC, Churchmen's Growth Bond Fund 5, LLC, Churchmen's Growth Bond Fund 8, LLC, Churchmen's Growth Bond Fund 9, LLC, Churchmen's Growth Bond Fund 13, LLC, Churchmen's Growth Bond Fund 14, LLC, Churchmen's Growth Bond Fund 15, LLC, Churchmen's Aggressive Growth Bond Fund 1 LLC, Churchmen's Aggressive Growth Bond Fund 2, LLC, Churchmen's Aggressive Growth Bond Fund 3, LLC, Churchmen's Aggressive Income Bond Fund 5, LLC, Churchmen's Aggressive Income Bond Fund 6, LLC (collectively, the **Non-Defendant Bond Funds"**); and

6) Relief Defendants Churchmen's Investment Corp. ("CIC"), Churchmen's Capital Group, Inc. ("CCG"), AIC Aviation, Inc. ("AIC"), the Citadel Corporation of Sullivan County ("Citadel"), Northstar Mortgage Funding, Inc. ("Northstar Mortgage") and Northstar Development Corp. ("Northstar Development") (CIC, CCG, AIC, Citadel, Northstar Mortgage and Northstar Development collectively referred to as the **"Relief Defendants"**);

having been duly advised in the premises, the Court, having considered the objections raised to the SEC request, including those raised at a hearing held this date, hereby orders that:

I.

The Securities and Exchange Commission's motion to convert monitorship to receivership is granted.

2

II.

Paragraph IX of the Court's order entered on July 26, 2005 and subsequently amended (hereinafter, referred to as the "July 26 Order") is vacated, Sections IV and VIII of the July 26 Order are amended so that the word "Monitor" shall be replaced by the word "Receiver" and the remainder of the July 26 Order is to remain in full force and effect.

III.

Bradley W. Skolnik of Indianapolis, Indiana is appointed the receiver ("Receiver") of Alanar, the Defendant Bond Funds, the Non-Defendant Bond Funds (comprised of Churchmen's Income Bond Fund 5, LLC, Churchmen's Income Bond Fund 9, LLC, Churchmen's Income Bond Fund 10, LLC, Churchmen's Income Bond Fund 12, LLC, Churchmen's Income Bond Fund 16, LLC, Churchmen's Income Bond Fund 17, LLC, Churchmen's Growth Bond Fund 2, LLC, Churchmen's Growth Bond Fund 5, LLC, Churchmen's Growth Bond Fund 8, LLC, Churchmen's Growth Bond Fund 9, LLC, Churchmen's Growth Bond Fund 13, LLC, Churchmen's Growth Bond Fund 14, LLC, Churchmen's Growth Bond Fund 15, LLC, Churchmen's Aggressive Growth Bond Fund 1 LLC, Churchmen's Aggressive Growth Bond Fund 2, LLC, Churchmen's Aggressive Growth Bond Fund 3, LLC, Churchmen's Aggressive Income Bond Fund 5, LLC, Churchmen's Aggressive Income Bond Fund 6, LLC), the Paying Agents and the Relief Defendants (collectively, the "Receiver Defendants").

1. The Receiver shall have the following powers and duties to fulfill his obligations:

    a. Oversee all aspects of the operations of the Receiver Defendants with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action,

3

books, records, papers and other property belonging to or in the possession of or control of the Receiver Defendants, and any of their subsidiaries or affiliates.

  b. Have access to and collect and take custody, control, possession and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to or in the possession of or control of the Receiver Defendants, and any of their subsidiaries or affiliates, with full power to sue, foreclose, marshal, sell, liquidate, collect, receive, and take possession of such property.

  c. Have control of and be added as the sole authorized signatory for the Receiver Defendants, and their subsidiaries and affiliates, including all accounts over which the Receiver Defendants and any of their officers, employees or agents, have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of the Receiver Defendants, or which maintains accounts over which the Receiver Defendants and/or any of their officers, employees or agents, have signatory authority.

  d. Use reasonable efforts to determine the nature, location, and value of all assets and property belonging to, owned by or in possession of the Receiver Defendants.

  e. Use reasonable efforts to determine the identity of all investors, amounts invested by investors, and payouts to investors and communicate, as necessary, with the investors.

  f. Engage and employ the law firm of Stewart & Irwin, P.C. and the accounting firm of BGBC Partners, P.C., as well as other professionals ("Retained Personnel") to assist in his duties.

    g. Take such action as necessary and appropriate to prevent the dissipation or concealment of any funds and assets or for the preservation of any such funds and assets of the Receiver Defendants.

    h. The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records in a manner consistent with the Federal Rules of Civil Procedure and the Rules of the Court concerning any subject matter relating to the identification, preservation, collection or liquidation of assets of the Receiver Defendants.

    i. The Receiver may bring such legal actions based on law or equity in any state or federal court as he deems necessary or appropriate in discharging his duties as Receiver.

    j. The Receiver shall have the authority to spend money of the Receiver Defendants in furtherance of ongoing business to preserve and prevent the dissipation of assets over which the Receiver Defendants and any of their employees or agents, have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of the Receiver Defendants, or which maintains accounts over which the Receiver Defendants and/or any of their officers, employees or agents have signatory authority.

    k. Have access to and monitor all mail of the Receiver Defendants in order to review such mail that he deems relates to the business of the Receiver Defendants and the discharging of his duties as Receiver.

   2. The Receiver shall file an inventory and appraisal of all property and assets in his possession or in the possession of others who hold possession as his agent, and in a separate schedule, an inventory of the property and assets of the estate not reduced to possession by him but claimed and held by others within sixty (60) days of his appointment as Receiver.

   3. Within thirty (30) days after the filing of the inventory, and at regular intervals of three (3) months thereafter until discharged, the Receiver shall file reports of his receipts and expenditures of the receivership and acts and transactions performed in his official capacity as Receiver.

4. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receiver Defendants' assets. Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and shall be subject to the approval of the Court. The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement monthly and such amounts shall be paid from the Receiver Defendants' funds and assets.

5. The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

6. The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by the Court that they acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

7. The Receiver shall establish a bank account in the name of Bradley W. Skolnick to deposit frozen funds and any other funds recovered by the Receiver. The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

8. The Receiver Defendants and their owners, partners, officers, directors and employees, and any other persons who are in custody, possession or control of any assets,

collateral, books, records, papers or other property of the Receiver Defendants, are ordered to provide access to and control of such property to the Receiver.

9. The Receiver Defendants and their owners, partners, officers, directors and employees, are further ordered to cooperate with and to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver. However, this requirement does not impinge on the rights of any individual or entity to assert any applicable privilege.

10. The Receiver Defendants and their owners, partners, officers, directors and employees, are further ordered within ten days from the date of this Order to transfer to the Receiver all assets, funds and other property that is presently held in foreign locations in the name of the Receiver Defendants, or for the benefit or under the control of any of them, or over which they exercise actual investment or other authority, including signatory authority.

11. All investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

    a. Enforcing or executing any judgment or order obtained against the Receiver Defendants' property;

    b. Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property owned by or in the possession of the Receiver Defendants, or the Receiver, wherever situated;

  c. Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the Receiver Defendants, or any entity controlled by them; and

  d. Doing any act to interfere with the taking control, possession, or management by the Receiver of the Receiver Defendants' property and assets and assets owned, controlled, or in the possession of the Receiver, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receiver Defendants' property.

**ALL OF WHICH IS ORDERED this 20th day of December 2005.**

_____

John Daniel Tinder, Judge
United States District Court